669 So.2d 1298 (1996)
JEFFERSON PARISH SCHOOL BOARD
v.
FIRST COMMERCE CORPORATION d/b/a First National Bank of Commerce.
No. 95-CA-1756.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1996.
*1299 Michael G. Fanning, Grant & Barrow, A Professional Law Corporation, Gretna, for Plaintiff/Appellant.
Sally A. Shushan, Brian D. Roth, Sessions & Fishman, L.L.P., New Orleans, for Defendant/Appellee.
Before SCHOTT, C.J., and LOBRANO and JONES, JJ.
JONES, Judge.
Jefferson Parish School Board appeals a judgment of the trial court granting defendant First National Bank of Commerce's ("First NBC") Motion for Summary Judgment.
Appellant Jefferson Parish School Board maintained a checking account titled "general account," number XXXX-XXXXX, with appellee, First NBC. Appellant desired to utilize a facsimile signature machine, and accordingly, adopted a facsimile signature resolution with First NBC.
In November of 1992, various instruments purporting to be checks made by appellant and drawn on the subject account were presented for payment and paid by First NBC. Upon receiving the monthly bank statement, appellant observed the instruments to be counterfeit. The checks were returned to First NBC each with an individual "Affidavit of Forgery, Alteration, Loss or Threat of Instrument." First NBC maintained that, pursuant to the resolution adopted by appellant, they were entitled to honor the instruments and appellant should bear the loss.
Appellant filed suit in the Civil District Court for the Parish of Orleans in October of 1993 seeking recovery of the amount paid on the checks. First NBC filed a motion for summary judgment alleging that the resolution adopted by appellant precludes such an action. The district court agreed and granted First NBC's Motion for Summary Judgment.
In their only assignment of error, appellant argues that the trial court erred in dismissing their case based on the adoption of the facsimile signature resolution. This assignment of error has no merit. The resolution contains the following provision:

*1300 RESOLVED: That the First National Bank of Commerce, New Orleans, hereinafter referred to as "Bank", as a designated depository of this corporation, be and it is hereby requested, authorized and directed to honor, for the account and to the debit of the corporation, all checks, drafts, or other orders for the payment of money (inclusive of any such as may be payable to any of the officers of this Corporation or other persons hereinafter specified or whose names appear thereon as signor or signors thereof) drawn in the name of this Corporation on the account(s) of this Corporation with the Bank when bearing or purporting to bear the facsimile signatures as of any of the following: [facsimile signatures] and the Bank is and shall be entitled to honor and to charge this Corporation for all such checks, drafts, or other orders, regardless of by whom or by what means the actual or purported facsimile signature or signatures thereon may have been affixed thereto, if such facsimile signature or signatures resemble the facsimile specimens from time to time duly certified to or filed with the Bank by the Secretary or other officer of the Corporation. (emphasis added)
The resolution further provides:
That the said bank may rely on these resolutions until the receipt by the Bank of a certified copy of a resolution by the Board of Directors of this Corporation revoking the same, this Corporation expressly assuming all risks involved in any unauthorized use of such facsimile signature and agreeing that this Corporation shall be responsible for and chargeable with the amount of all checks, drafts, or other orders bearing such facsimile signature or signatures resembling the same, whether or not placed thereon by the authority of this Corporation. (emphasis added).
The language of the facsimile agreement, a contract between the parties, is clear and unambiguous. The bank is authorized to honor all checks "purporting to bear" the facsimile signatures, "regardless of by what means" the actual or purported signature is affixed as long as the "signatures resemble the facsimile specimens." This is the only requirement imposed on the bank by the contract between the partiesto insure that any signatures "resemble" those provided by the Board on the signature card. This comports with the provision of LSA-R.S. 10:4-103(1) in effect at the time of the agreement. The provision provides:
The effect of the provisions of this chapter may be varied by agreement except that no agreement can disclaim a bank's responsibility for its own lack of good faith or failure to exercise ordinary care or can limit the measure of damages for such lack of failure; but the parties may agree to determine the standards by which such responsibility is to be measured if those standards are not manifestly unreasonable. (emphasis added)
Agreements confected pursuant to this statute are not unusual. See Springhill Bank and Trust Co. v. Citizens Bank and Trust Co., 505 So.2d 867 (La.App. 2d Cir. 1987), and Perini Corp. v. First National Bank of Habersham County, 553 F.2d 398 (5th Cir.1977). In Perini, the court held that there was no cause of action for recovery of funds paid on forged checks where a resolution was adopted authorizing the drawee's payment of checks bearing signatures resembling the machine-endorsed facsimile signature.
The appellant erroneously argues that First NBC cannot prove any negligence on the part of the appellant's employees regarding the safeguarding of their checks on that account and of the facsimile signature plates of the employees used on that account. This argument incorrectly suggests that the appellant should not bear the burden of the loss if the facsimile plates were not used in the forgery. This position is clearly contrary to the resolution adopted by the appellants. As previously stated, the resolution provides that the bank is authorized to honor checks "regardless of by whom or by what means" the actual or purported signature is affixed *1301 as long as the "signatures resemble the facsimile specimens."
Additionally, appellants contend that the checks at issue contained errors that a diligent perusal of the documents would have revealed to experienced bank employees. Appellants base this argument on the fact that the checks in question were printed on different paper. This argument also lacks merit. First NBC is obligated to pay on any paper on which the signature of the drawer matches the signature on file. It is very common for customers to order their checks from different sources.
When reviewing trial court judgements on motions for summary judgment, appellate courts must use the same criteria applied by the trial courts. Thus, a summary judgment should be affirmed when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966(B); Transworld Drilling Co. v. Texas General Resources, Inc., 604 So.2d 586 (La.App.4th Cir.), writ denied, 608 So.2d 174 (La.1992). The only material fact in this case is the nature of the signatures and there is no dispute that the signatures are nearly identical to the facsimile signatures submitted by the appellants.
Therefore, for the reasons stated above, the judgement of the trial court is affirmed.
AFFIRMED